Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5007 | **DATE** | 07/27/2011 |
| **CASE TITLE** | Earl Moore (A-01422) vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.52 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. However, summons shall not issue. Plaintiff's complaint is dismissed with prejudice as his claims are barred by the applicable statute of limitations.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Earl Moore, an inmate at Western Illinois Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.52. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Western officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that, pursuant to a City of Chicago policy, he did not receive a prompt judicial determination of probable cause following his arrest without a warrant on August 11, 1985. Plaintiff did not receive a grand jury hearing until August 14, 1985. Plaintiff alleges a violation of his right to due process in light of the delay.

     Federal courts borrow and apply a state's personal injury statute of limitations to civil rights actions brought pursuant to 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

     An civil rights action generally accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). It is "[n]ot the extent, but the fact, of injury" that starts the statute of limitations period. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir.

| STATEMENT |
|---|

2008). Plaintiff would have become aware of this claim when he did not receive a timely probable cause hearing. *See Sellars*, 80 F.3d at 245. Thus, Plaintiff would have had to file suit before August 14, 1987. Plaintiff did not file suit until July 11, 2011 (based on signature/date of complaint), almost 14 years late.

Plaintiff refers to other litigation regarding the policy that caused the alleged violation of due process. Plaintiff appears to be referencing *Dunn v. City of Chicago*, Case No. 04 C 6804. *Dunn* was a class action suit regarding the same policy and alleged due process violation. However, that action does not alter Plaintiff's filing requirements. Plaintiff could not have been part of any class certified in *Dunn* because the latest class members were those in Class III, persons arrested on suspicion of a felony without an arrest warrant and who were detained in excess of 48 hours without a judicial probable cause hearing from March 15, 1999 to February 10, 2008. *See* Case No. 04 C 6804, Order Preliminarily Approving Class Settlement, Doc. # 342. Plaintiff was arrested and allegedly did not receive a timely probable cause hearing in August of 1985, well before March 15, 1999.

Based on the above, Plaintiff's claim is clearly time-barred, and the action is dismissed with prejudice as barred by the statute of limitations. *See Limestone*, 520 F.3d at 802 (complaint is subject to dismissal for failure to state an actionable claim if the allegations clearly establish that they are barred by the applicable statute of limitations).